UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL JAMES PALMER,

    Plaintiff,

v.                                    Case No. 8:24-cv-168-KKM-AAS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

## ORDER

On February 18, 2025, I adopted the Magistrate Judge's Report and Recommendation (Doc. 32) recommending that I affirm the Commissioner's decision, (Doc. 34), and judgment was entered in favor of the Commissioner the following day, (Doc. 35). Several days later, plaintiff Michael Palmer filed a document titled simply, "Response," along with several attachments. (Doc. 37.) I presumed that filing to be an untimely objection and construed it as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) and directed the Commissioner to respond. (Doc. 38.) For the reasons below, that motion is denied.[1]

---

[1] After I construed Palmer's filing as a motion under Rule 59(e), he filed a notice of appeal of the judgment. *See* (Doc. 41.) Such a notice of appeal ordinarily divests a district court of jurisdiction. *E.g.*, *United States v. Maduno*, 40 F.3d 1212, 1217 (11th Cir. 1994). But a notice of appeal filed while a Rule 59(e) motion is pending becomes effective only once the court resolves that motion, so a district court retains jurisdiction until the motion is resolved. *See* FED. R. APP. P. 4(a)(4)(B)(i); *Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 745–46 (11th Cir. 2014) ("[A] notice of appeal filed during the pendency of a Rule

Rule 59(e) permits a court to alter or amend a judgment within 28 days after judgment. *See* FED. R. CIV. P. 59(e). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Shackleford v. Sailor's Wharf, Inc.*, 770 F. App'x 447, 451 (11th Cir. 2019) (per curiam) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam)). A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). Rule 59(e) may not be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

To start, Palmer has filed another paper protesting that his objection was not untimely, as it was filed on February 14, 2025. *See* (Doc. 39) ("The order stated that objections weren't filed on time/ THEY WERE!"); *see also* (Doc. 33). Upon review, Palmer is correct that the documents filed on February 14, docketed as "Supplement of Email Exhibits," (Doc. 33), are substantially the same as the documents construed as a Rule 59(e) motion—just filed in a different order, *see* (Doc. 37). Significantly, though, the main document filed on February 14 is titled "Email To A.L.J.'s Glen Watkins & Shirley Ann

---

59 motion is simply suspended. . . . The district court [therefore] retained jurisdiction to consider the Rule 59 motion."). I thus have jurisdiction to resolve this construed motion.

2

Marzan/ Jane Barney (Disability Experts Of Florida)" and principally consists of emails between Palmer and others. *See* (Doc. 33.) The only language arguably referencing the Report and Recommendation is on page 5 of the eighth attachment. *See* (Doc. 33-8) at 5 ("The Reasons Stated In The Report's Proposed Findings Have Alot of Mistakes & Incorrect Information, Thank You For The Considerable Review!"). On its face, the filing failed to give either the government or the Court adequate notice that Palmer objected at all, particularly in the light of Palmer's multiple earlier unauthorized filings, *see* (Docs. 27, 29, 30, 31), which are substantially similar to the filing he now claims was an objection. More, this language fails to specifically identify which of the Magistrate Judge's findings of fact Palmer objects to, and thus was insufficient to trigger de novo review. *See Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992); 28 U.S.C. § 636(b)(1)(B).

In any event, I have reviewed Palmer's most recent filing, *see* (Doc. 37), and I agree with the government that he fails to identify any "newly-discovered evidence or manifest errors of law or fact" that warrant altering the judgment. *Shackleford*, 770 F. App'x at 451 (quoting *Arthur*, 500 F.3d at 1343); *see* Resp. (Doc. 40) at 2 ("Plaintiff reiterates his previous arguments.").

Accordingly, it is **ORDERED** that plaintiff Michael Palmer's Construed Motion to Alter or Amend the Judgment (Doc. 37) is **DENIED**.

**ORDERED** in Tampa, Florida, on March 19, 2025.

Kathryn Kimball Mizelle
United States District Judge